UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.     CASE NO. 8:17-cv-623-T-23SPF
       8:16-cr-184-T-23SPF

BERNARDO ALVAREZ-ZARGOZA

_____/

## ORDER

Alvarez-Zarzgoza moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his convictions both for conspiring to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841, and for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), for which convictions Alvarez-Zarzgoza was sentenced to imprisonment for 180 months as an armed career criminal.[1] The conviction and sentence accord with Alvarez-Zarzgoza's plea agreement.

The motion to vacate alleges four grounds for relief. In addition to two other grounds, Alvarez-Zarzgoza alleges (1) that trial counsel rendered ineffective assistance by not appealing (ground one) and (2) that his sentence as an armed career criminal is unlawful (ground four). An earlier order (Doc. 10) denies those two grounds and directs the United States to respond to the remaining two grounds, which allege that

---

[1] Alvarez-Zarzgoza's sentence was later reduced under Rule 35(b), Federal Rules of Criminal Procedure, to 135 months' imprisonment. (Doc. 53 in 16-cr-184)

trial counsel rendered ineffective assistance (1) by allowing him to proceed at both his change of plea and his sentencing despite his mental condition (ground two) and (2) by inadequately investigating his competency (ground three). In the supplemental response the United States admits that the motion to vacate is timely (Doc. 11 at 2) and argues that the remaining two grounds lack merit. Alvarez-Zarzgoza filed no reply to the supplemental response.

## FACTS[2]

Early in the morning on March 7, 2016, a Tampa police officer saw a gold Ford SUV stopped in the street at an intersection on a major highway in Tampa, Florida. As he drove past the SUV, the officer noticed that the front driver-side door was open and that the driver was slumped over. The officer pulled behind the vehicle, which was slowly rolling into traffic. As a result, the officer used his hand to press the brake pedal and shift the vehicle into park.

After the officer shifted the vehicle into park, Alvarez-Zarzgoza (who was the owner, driver, and sole occupant) awakened confused and unaware of his surroundings. The officer smelled alcohol coming from the driver. The officer asked Alvarez-Zarzgoza if he was injured, and Alvarez-Zarzgoza responded by reaching for the cellular phone in his pocket. As Alvarez-Zarzgoza reached for his phone, the officer noticed a clear plastic bag in Alvarez-Zarzgoza's front shirt pocket. When asked, Alvarez-Zarzgoza confirmed that the bag contained marijuana. The officer

---

[2] This summary of the facts derives from Alvarez-Zarzgoza's plea agreement. (Doc. 19 at 19–21 in 16-cr-183)

asked Alvarez-Zarzgoza to exit the SUV, and the officer searched him. During the search, the officer found a small clear plastic bag containing a white powder, which later tested positive for cocaine and weighed thirteen grams. Based on his suspicion that Alvarez-Zarzgoza was intoxicated, the officer requested DUI testing, which Alvarez-Zarzgoza failed.

Officers conducted an inventory search of Alvarez-Zarzgoza's vehicle. Wedged between the driver's seat and the center console officers found a Ruger LCP .380-caliber pistol loaded with six rounds of .380-caliber ammunition, which Alvarez-Zarzgoza knowingly possessed. The pistol and ammunition had traveled in or affected interstate or foreign commerce because neither the pistol nor the ammunition was manufactured in Florida. In addition, the pistol had been reported stolen.

In recorded jail calls placed by him after his arrest, Alvarez-Zarzgoza stated why he was arrested and said both that he had fallen asleep on the street and that the police took the pistol he had in his vehicle.

### I.     GUILTY PLEA

Alvarez-Zarzgoza pleaded guilty and admitted to the above facts. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[3] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise

---

[3] A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

> independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), and *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. Consequently, the entry of a guilty plea waives a claim based on an event that occurred before acceptance of the plea, including both a substantive claim and a purported failing of counsel (but not a jurisdictional challenge or a voluntariness challenge to the plea).

Alvarez-Zarzgoza asserts a claim of ineffective assistance of counsel that challenges the voluntariness of his plea (ground two) and another claim that challenges a post-plea event — sentencing (ground three). Consequently, neither ground is barred by the guilty plea.

## II. STANDARD OF REVIEW

Section 2255 allows a federal prisoner to "bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215–16 (11th Cir. 2014). However, "[o]nce the defendant's chance to appeal has been waived or exhausted, [a court is] entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." *United States v. Frady*, 456 U.S. 152, 164 (1982). "[A] collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (*per curiam*) (citing *Frady*, 456 U.S. at 165). Because collateral review is not a substitute for direct appeal, a defendant must raise on direct appeal all available claims. Relief under Section 2255 is reserved "for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sep. 1981)).

A claim of ineffective assistance of counsel is an example of a claim that "should usually be raised in a motion under 28 U.S.C. § 2255." *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Alvarez-Zarzgoza claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). As *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains, *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the

reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Alvarez-Zarzgoza must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Alvarez-Zarzgoza must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Alvarez-Zarzgoza cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful, as *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992), explains:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

## IV.   GROUNDS FOR RELIEF

The two remaining grounds allege that trial counsel rendered ineffective assistance (1) by allowing him to proceed at both his change of plea and his sentencing despite his mental condition (ground two) and (2) by inadequately investigating his competency (ground three).  The grounds are discussed together because of their factual and legal inter-relationship.

In ground two Alvarez-Zarzgoza contends (1) that his counsel knew (a) that, while detained awaiting trial, he was suffering from several mental and psychological conditions, including having delusional thoughts and (b) that he had been prescribed nearly a dozen medications and (2) that, despite knowing about his mental condition, his counsel allowed him to plead guilty.  In ground three Alvarez-Zarzgoza contends (1) that his plea was not entered knowingly, intelligently, and voluntarily because counsel misrepresented Alvarez-Zarzgoza's mental condition when he pleaded guilty and (2) that he "was not lucid at his change of plea hearing" because the jail had denied him his prescribed medications.

At the change of plea hearing, Magistrate Judge Elizabeth A. Jenkins canvassed Alvarez-Zarzgoza about his psychological issues and treatment (Doc. 41 at 7–10 in 16 cr 183):[4]

> The Court: Have you ever been declared mentally incompetent?
>
> Defendant Alvarez-Zarzgoza: No.

---

[4] Alvarez-Zarzgoza had the benefit of an interpreter during the change of plea hearing. (Doc. 41 at 5)

The Court: Have you ever been treated for addiction to drugs or addiction to alcohol?

Defendant Alvarez-Zarzgoza: No.

The Court: Have you ever been treated for any mental illness of any kind?

Defendant Alvarez-Zarzgoza: Yes.

The Court: Was that while you've been in custody in this case?

Defendant Alvarez-Zarzgoza: No.

The Court: All right. What kind of mental illness have you been treated for in the past?

Defendant Alvarez-Zarzgoza: Schizophrenia, paranoia.

The Court: Have you taken any medicine since you've been in jail on this charge?

Defendant Alvarez-Zarzgoza: No.

The Court: Have you ever been treated for addiction to drugs or alcohol?

Defendant Alvarez-Zarzgoza: No.

The Court: Have you ever had any mental treatment beyond the paranoid schizophrenia treatment?

Defendant Alvarez-Zarzgoza: No.

The Court: Have you ever been put in a hospital before because of any mental condition?

Defendant Alvarez-Zarzgoza: No.

The Court: Within the past 24 hours, have you had any medication?

Defendant Alvarez-Zarzgoza: Yes.

The Court: Okay. For what?

>Defendant Alvarez-Zarzgoza: Blood pressure.
>
>The Court: Blood pressure. Okay. Have you had any medication for any other condition within the past 24 hours?
>
>Defendant Alvarez-Zarzgoza: Vitamin B-12 and vitamin D.
>
>The Court: All right. Anything else?
>
>Defendant Alvarez-Zarzgoza: No.
>
>The Court: Have you had any alcohol or drugs?
>
>Defendant Alvarez-Zarzgoza: No.
>
>The Court: How are you feeling today?
>
>Defendant Alvarez-Zarzgoza: Well.
>
>The Court: Any competency concerns on the part of your client, Ms. Gray?
>
>Ms. Gray: No, Your Honor. I was a little concerned when I heard of his diagnosis of paranoid schizophrenia, but I did sit down and specifically make sure he understood the charges against him, the Information, my role, the Court's role, the prosecutor's and also the proceedings, and he has been able to assist me in his defense.
>
>The Court: Okay. And you've met with him on more than one occasion?
>
>Ms. Gray: Yes, Your Honor.
>
>The Court: All right. Very well. Thank you. And do you have any concerns as to competency, Mr. George?[5]
>
>Mr. George: No, Your Honor. Thank you.

Magistrate Judge Jenkins found Alvarez-Zarzgoza competent to proceed with the change of plea (Doc. 41 at 11 in 16-cr-183) and the district court accepted the plea. (Doc. 25 in in 16-cr-183)  The final presentence report addresses Alvarez-Zarzgoza's

---

[5] Assistant United States Attorney Daniel George.

"Mental and Emotional Health" and "Substance Abuse." (Doc. 30 at 25–26 in 16-cr-183) In the sentencing memorandum (Doc. 32), defense counsel argued that Alvarez-Zarzgoza's substance abuse and mental illness, as supported by medical records, justify the district court imposing the mandatory minimum sentence, which is the sentence imposed.

Alvarez-Zarzgoza's psychological and substance abuse issues were fully disclosed and thoroughly discussed at both the change of plea and the sentencing. Alvarez-Zarzgoza complains that his counsel should have done more, but he identifies no significant fact or issue that was omitted from the earlier proceedings. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). Because his assertions of ineffective assistance of counsel are unsupported, Alvarez-Zarzgoza is entitled to relief under neither ground two nor ground three.

The remaining grounds in the motion to vacate (Doc. 1) — grounds two and three — are **DENIED**. The clerk must (1) enter a judgment against Alvarez-Zarzgoza in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and deny the motion to vacate (Doc. 40) that pends in the criminal case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Alvarez-Zarzgoza is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Alvarez-Zarzgoza must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Alvarez-Zarzgoza is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Alvarez-Zarzgoza must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 18, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE